| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| DAVIDSON COUNTY | 23 CVS 1157 |

FILED
2023 JUN -2 P 2:55
[signature] C.S.C.

JEREMY TAYLOR,

    Plaintiff,

v.

SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,

    Defendants.

**COMPLAINT**
**(Trial by Jury Requested)**

Plaintiff Jeremy Taylor, by and through counsel, alleges the following against Defendant Samsung Electronics America, Inc., and Defendant Samsung Electronics Co., Ltd.

## PARTIES

1. Plaintiff Jeremy Taylor is a citizen and a resident of Davidson County, North Carolina.

2. Defendant Samsung Electronics America, Inc., is a corporation organized and existing under the laws of the State of New York and with a principal office located in New Jersey. Defendant Samsung Electronics Co., Ltd.. is a corporation organized under the laws of South Korea. Defendant Samsung Electronics America, Inc. and Defendant Samsung Electronics Co., Ltd. are referred collectively herein as "Defendants Samsung."

3. Defendants Samsung regularly conduct affairs and business activity in the State of North Carolina and at all times relevant to this Complaint, Defendants Samsung manufactured, assembled, marketed, advertised and/or sold various products in the State of North Carolina, specifically including Davidson County.

4. Defendants Samsung were at all times relevant to the allegations herein in the business of, among other things, manufacturing, assembling, advertising, marketing and/or selling various products including cell phones.

5. This court has subject matter jurisdiction over this action in that the alleged claim arose under the substantive law of North Carolina.

6. This Court is the proper venue for this action pursuant to N.C.G.S. § 1-82.

## FACTUAL ALLEGATIONS

7. On or about June 1, 2020, Plaintiff Taylor purchased a Samsung Galaxy A11 (hereinafter "Subject Phone").

8. At all times that Plaintiff possessed, owned and/or used the Subject Phone, he used it in a normal manner and did not operate or care for it in violation of any warranty or warning.

9. On June 4, 2020, the Subject Phone suddenly, unexpectedly, and without warning caught fire while being used by Plaintiff causing burns to Plaintiff's face.

10. As a further result of the phone suddenly, unexpectedly and without warning catching fire, Plaintiff dropped his phone which caused, among other things, the floor of Plaintiff Taylor's home to suffer fire damage as a direct consequence of coming into contact with the burning Subject Phone.

11. The Subject Phone was purchased in North Carolina for use in North Carolina and was used exclusively by Plaintiff.

12. At the time of the incident alleged herein, the Subject Phone was being used in an intended, expected, and foreseeable manner and for a foreseeable purpose.

13. At the time of the incident alleged herein, the Subject Phone had not been altered or modified in any way.

2

14. As a direct and proximate result of the sudden and unexpected combustion of the Subject Phone, Plaintiff suffered painful injuries, specifically including the injuries to his face as alleged above and incurred property damage as alleged above.

15. The Subject Phone was designed, produced, manufactured, marketed, supplied, sold and/or distributed by Defendants Samsung.

16. At the time the Subject Phone suddenly, unexpectedly and without warning burst into flames, it was in the same or substantially the same condition as when it was designed, produced, manufactured, marketed, distributed and/or sold by Defendants Samsung.

17. At the time Plaintiff purchased the Subject Phone, Defendants Samsung knew or should have known of the defective design and/or manufacture of the Subject Phone, the propensity of the phone to catch fire and the likelihood of severe injury and property damage as a result of the Subject Phone catching fire while being put to its intended, expected, and foreseeable use.

18. Defendants have been given proper notice as required under the laws of the State of North Carolina.

19. This Complaint is filed within twelve (12) years of the date of initial purchase of the Subject Phone for use or consumption.

### CLAIM FOR BREACH OF IMPLIED WARRANTIES

20. Plaintiff refers to and hereby incorporates by reference all previous paragraphs of this Complaint.

21. Defendants Samsung, at all times material hereto, impliedly warranted and represented to North Carolina consumers, including Plaintiff, that the Subject Phone was reasonably fit and safe for its intended and foreseeable uses and that the Subject Phone sold to Plaintiff was of merchantable quality and reasonably safe.

3

22. In utilizing the Subject Phone, the Plaintiff relied upon the skill and judgment of Defendants and upon the Defendants' implied warranties.

23. The Subject Phone was not of merchantable quality, but instead was defective in design and/or manufacture and was unreasonably dangerous and not fit for its intended and anticipated uses, in that the Subject Phone suddenly and unexpectedly caught fire under normal and intended use and caused Plaintiff to suffer personal injury and to incur property damage.

24. The Subject Phone was dangerously defective and such defects breached the implied warranties given by Defendants Samsung to the actual or potential consumers and users of the Subject Phone, specifically including Plaintiff, said breach including a breach of the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.

25. At Defendants' request, Plaintiff returned the Subject Phone to Defendants so that Defendants could examine the Subject Phone. Upon information and belief, while Defendants had exclusive possession of the Subject Phone, Defendants lost and/or destroyed the Subject Phone without any examination. As a result of Defendants' destruction of the Subject Phone, Plaintiff is entitled to all adverse inferences against Defendants that the Subject Phone was unreasonably dangerous and not fit for its intended, anticipated, and foreseeable uses.

26. As a direct and proximate result of the Defendants' breach of the implied warranties, Plaintiff suffered painful injuries and incurred property damage as alleged above and sustained damages in an amount to be determined by a jury but in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00).

### PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT SO TRIABLE

WHEREFORE, Plaintiff prays that he have and recover of Defendants Samsung Electronics America, Inc. and Defendant Samsung Electronics Co., Ltd. as follows:

4

1. Actual damages for the personal injury and property damage sustained by Plaintiff in an amount to be determined by a jury, but in any event, pursuant to Rule 8(a) of the North Carolina Rules of Civil Procedure, an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

2. The costs of this action, including attorney fees, as provided by law;

3. Interest as provided by law;

4. Any other relief which the Court deems equitable and proper.

This the 2nd day of June 2023.

LANIER LAW GROUP, P.A.

By /s/

_____
Robert O. Jenkins
NC State Bar No. 19102
Laurie Meilleur
NC State Bar No. 36937
6518 Airport Center Drive
Greensboro, NC 27409
Tel: 919-848-2000
rjenkins@lanierlawgroup.com

For NCRCP 5 email service please use:
**service@lanierlawgroup.com**